**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

GINA EVANS,

    Plaintiff,

v.                                              Case No. 09-C-589

UNITED STATES OF AMERICA,

    Defendant.

## DECISION AND ORDER

### NATURE OF CASE

On June 12, 2009, the plaintiff, Gina Evans, filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging that she suffered repeated, numerous and continuing injuries resulting from the negligence of agents and employees of the United States Department of Veterans Affairs (VA). Specifically, the plaintiff alleges that medical information pertaining to another person negligently was placed in her medical file, resulting in the plaintiff receiving improper medical treatment.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

On January 4, 2010, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust her administrative remedies. (Docket # 10). The motion to dismiss is fully briefed and will be addressed herein.

## **DEFENDANT'S MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

The plaintiff's complaint contains the following allegations. The plaintiff, who had been honorably discharged from the Wisconsin National Guard, obtained medical treatment at the James A. Haley Veterans Administrative Medical Center (VAMC) in Tampa, Florida, in February 2001. She alleges that during her medical treatment at the Haley VAMC, Dr. Rita Washko negligently placed another patient's medical information into the plaintiff's medical records file. Subsequently, the plaintiff received medical treatment at other health care facilities, including the Clement J. Zablocki VAMC in Milwaukee, WI. The plaintiff alleges that at those facilities, medical personnel administered medical treatment to her based on the other

patient's medical information that Dr. Washko negligently had placed in her medical file. Consequently, the plaintiff states that she did not receive proper medical treatment for her conditions and, thereby, suffered and continues to suffer physical, mental, and emotional injuries.

## **ANALYSIS**

In moving to dismiss, the defendant asserts that the plaintiff failed to exhaust her administrative remedies prior to filing this federal tort action. Specifically, the defendant maintains that although the plaintiff filed an administrative claim, she did not assert Dr. Washko's alleged negligence in that administrative claim. As a result, the defendant did not have notice of these allegations and there was no administrative investigation or litigation of her claim regarding Dr. Washko. Without proper notice, the defendant asserts that it was not permitted a fair opportunity to resolve the plaintiff's complaints.

The plaintiff asserts that her "administrative complaint specifically states that she received negligent medical treatment from the Department because the Department relied upon erroneous information that was negligently placed in her medical file." (Plaintiff's Response to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies [Plaintiff's Response] at 4). In support of this assertion, the plaintiff cites to specific language from the administrative claim which she maintains clearly shows that the Department administered the wrong medical treatment when it relied on erroneous documentation in her medical file. She further asserts that as a pro se complainant, her administrative complaint must be liberally construed.

The doctrine of sovereign immunity precludes lawsuits against the United States unless the United States explicitly waives its sovereign immunity and consents to be sued. See

United States v. Testan, 424 U.S. 392, 400-01 (1976). The Federal Tort Claims Act provides exclusive waiver of sovereign immunity for tort actions against the United States, its agencies, and its employees acting within the scope of their employment. 28 U.S.C. §§ 2671-2680. When an Act is interpreted based on its function of giving consent for the United States to be sued, such consent, "since it is a relinquishment of sovereign immunity, must be strictly interpreted." United States v. Sherwood, 312 U.S. 584, 590 (1941).

> Section 2675(a) of Title 28, United States Code, provides in relevant part:
>
> An action shall not be instituted upon a claim against the United States. . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The filing of an administrative claim provides the defendant agency opportunities "'to discover and correct its own errors,' and thus may help to obviate all occasion for judicial review." McGee v. United States, 402 U.S. 479, 484 (1971) (quoting McKart v. United States, 395 U.S. 185, 195 [1969]). The requirement of first presenting the claim to the appropriate federal agency includes "the giving of sufficient notice to enable the agency to investigate the claim and the setting of a 'sum certain.'" Charlton v. United States, 743 F.2d 557, 559 (7th Cir. 1984); see also, Palay v. United States, 349 F.3d 418, 426 (7th Cir. 2003). In her administrative claim, the plaintiff seeks damages in the amount of $1,500,000.00. (Plaintiff's Administrative Claim at 1).

The issue before the court is whether the plaintiff's administrative claim provides sufficient notice to alert the defendant to the nature of her claim and to enable the agency to investigate that claim. In her administrative claim filed on November 20, 2007, the plaintiff stated that the injury forming the basis of her complaint is "increased major depression and

- 4 -

PTSD (post-traumatic stress disorder) causing homelessness and unemployability." (Plaintiff's Claim for Damage, Injury or Death dated November 20, 2007 [Plaintiff's Administrative Claim]). (Docket #13). The plaintiff sets forth the basis of her claim in a three page, single-spaced narrative. She states:

> This outline will show the negligence, wrongful acts error's (sic) and personal injury in the form of psychological trauma Ms. Evans suffered, at the hands of the Milwaukee VA medical providers causing the increased disability of 'major depression' and 'PTSD' directly caused by her participating in the treatment programs at the Milwaukee VA.

Id. at 3.

The plaintiff then references notes written by Dr. S. Powers, M.D., dated May 10, 2005, in which Dr. Powers stated that the plaintiff is participating in "an intensive treatment program at the VA," for treatment of severe post-traumatic stress disorder and depression. Id. The plaintiff further states that she was mistakenly put in the drug and alcohol program and immediately informed her case manager about this mistake. The plaintiff further states in the administrative claim:

> See hospital admission note dated 5/24/05; note the admitting diagnosis to the drug and alcohol program is alcohol dependence and polysubstance dependence to lomotil, phenergan, opioids, hydrocodone and lorazepam. See progress note dated 1-25-05. Note the 'negative alcohol screen' documented here as well as on every physical she's had in the past seventeen years of being seen by government medical facilities. Note the allergy list; Ms. Evans is deathly allergic to the same medications she's accused of being addicted to. You will also find these same drug allergies listed on her enlistment physical back in November, 1990. This proves **wrongful act, neglect, defamation of character, wrongful diagnosis**.

Id.

- 5 -

Case 2:09-cv-00589-PJG   Filed 04/27/10   Page 5 of 7   Document 16

The plaintiff also references other admission and progress notes and conduct constituting sexual harassment, discrimination, stalking, negligence and failure to protect her in her administrative claim. In conclusion, the plaintiff states:

> To this day, Ms. Evans lacks a fixed, regular and adequate night time residence (by VA definition is homelessness) due to her increased PTSD symptoms and depression caused by the psychological trauma endured in Dom 123. Ms. Evans cannot obtain satisfactory mental health treatment at any VA for fear of being tracked down by Mr. Sullivan or stalked by another VA patient patterning the incidents at Dom 123.

Id. at 5.

The plaintiff asserts that the allegations in the administrative complaint clearly show that "the Department administered the wrong medical treatment when it relied on erroneous medical documentation contained in her file." (Plaintiff's Response at 4). A review of the administrative complaint reveals that the plaintiff made no mention of any events occurring before 2005, nor does she ever mention Dr. Rita Washko or the Haley VAMC in Florida. Instead, the plaintiff limits her administrative claim to the allegedly negligent medical treatment she received at VAMC in Milwaukee in 2005. She states that she "suffered at the hands of the Milwaukee VA medical providers" and names various individuals. Id. at 3. As noted, Dr. Washko is not one of the individuals named in the administrative claim. Moreover, the administrative claim addresses actions and events occurring in 2005 and no mention is made of erroneous materials being placed in her medical file in 2001. In sum, the administrative claim is devoid of any information about medical treatment the plaintiff received in 2001 from Dr. Washko at the Haley VA Hospital in Tampa.

Even construing the facts in the light most favorable to the plaintiff, the administrative claim does not provide the defendant with sufficient notice as to the plaintiff's allegations

against Dr. Washko so as to enable the agency to investigate her claim. See Palay, 349 F.3d at 426. Therefore, the plaintiff has not exhausted her administrative remedies as required. Accordingly, the defendant's motion to dismiss will be granted.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss this action be and hereby is **granted**. (Docket # 10).

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed.

**IT IS ALSO ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of April, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\CIV\Evans dismiss ord.wpd - 7 -

Case 2:09-cv-00589-PJG   Filed 04/27/10   Page 7 of 7   Document 16